HENRY W. SMITH *et al.*, Plaintiffs in Error, *v.* THOMAS S. WHITAKER *et al.*, Defendants in Error.

### ERROR TO ADAMS.

The defense of usury must be pleaded specially, otherwise it will be held to be waived.

A contract made in another State, or in a foreign country, will be presumed to be made in accordance with the laws of the place of its execution, and a violation of those laws, if relied on as a defense, must be pleaded and proved.

Where the parties to a contract, themselves, by the terms thereof, fix or agree upon a penalty for its violation, such penalty becomes liquidated damages, and is an incident to, and follows the principal, in the same manner as does interest, and may be assessed by the jury.

THIS case was tried before SIBLEY, Judge. The facts are stated in the opinion.

BROWNING & BUSHNELL, for Plaintiffs in Error.

A. WHEAT, for Defendants in Error.

WALKER, J. This action was assumpsit, in the Adams Circuit Court. The declaration avers, that the defendants below, by their firm name, on the 14th day of November, 1856, at St. Paul, in the territory of Minnesota, executed the note sued upon, payable to Charles Scott, or order, for six hundred dollars, at fifteen days from date, with interest at the rate of five per cent. a month after maturity until its payment. That the payee, on the day of its execution, duly assigned it to the plaintiffs below. The declaration further avers that, at the time the note was made, any rate of interest which might be agreed upon by

the parties, was authorized by the laws of Minnesota Territory. The declaration likewise contained the common counts.

To this declaration, the general issue was filed, which was traversed. Other pleas were also filed, but it is conceded that no question arises upon them. Upon the trial, the plaintiffs below read the note and assignment in evidence, and the jury found a verdict in favor of the plaintiff, for the sum of $1,455. Thereupon the defendants moved the court for a new trial, which motion was overruled, and judgment rendered upon the verdict, to reverse which, this writ of error is prosecuted.

It is urged that the jury, in assessing the damages, were not authorized, under the general issue, to allow more than the rate of interest prescribed by our statute. This court has held, under the 4th section of the Interest act, R. S. 295, that the defense of usury must be pleaded and insisted upon to authorize the court to regard the defense. *Hancock* v. *Hodgson*, 3 Scam. 333. And in a suit originating before a justice of the peace, that the statute against usury must have been relied upon to authorize the court to regard and act upon this defense. *Murry* v. *Crocker*, 1 Scam. 212. The defense of usury is given alone by statute, and that section requires it to be made by plea. It is, therefore, only by plea that this defense, in actions originating in the Circuit Court, can be made available.

The second section of the act of January 30th, 1849, (Sess. Laws, 98,) has repealed the law giving the penalty, where a greater rate of interest is reserved on contracts not for money loaned, than is allowed by law, and only leaves the penalty in force for contracting for a greater rate of interest than the law authorizes for money loaned. This statute requires the defense of usury to be set up by plea as the act did, to which it was an amendment. Under either of these statutes, to have rendered this defense available, it should have been set up by plea, as the suit originated in the Circuit Court.

There is nothing in this record from which it appears whether this note was executed within, or out of this State, but it was argued as if it had been given in Minnesota, and this the declaration avers. If that was true, it must appear to the court by plea, supported by evidence that it was made there, and that by the laws of the place of the contract, such a rate of interest was prohibited. But even if it had appeared upon its face, or had been shown by evidence, that it was made in another State or country, in the absence of proof to the contrary, we must presume that there were laws in that country, regulating trade, commerce, and the buying and selling of property, and that a sale may be made upon credit, and notes given by purchasers, and that they were sanctioned by the local law.

And when suit is instituted, on such an instrument made in a foreign country, or in a sister State, or in a territory of this government, if not repugnant to our laws, our courts will presume that the contract was made in conformity to the laws of the place of its execution, and will hold, in the absence of such a plea and proof, that the defendant admits the legality of the contract. The provision of a foreign law is a fact, which must be pleaded, and when pleaded, must be proved, as any other fact. The plaintiffs in error, in this case, have done neither, and whether the note was in violation of the laws of Minnesota does not appear, nor does it appear that the note in question was executed in that State. But if these facts do exist, the plaintiffs in error failed to establish them, and cannot, therefore, rely upon them. The *lex fori* must govern the remedy. And here the defense should have been set up by plea.

There is no question that this note was admissible under the common counts. But it is likewise urged, that the jury could find no more damages than the principal, and six per cent. interest, after its maturity, because the interest reserved beyond that amount, was in the nature of a penalty, and should have been specially declared for in the declaration. While this is true in regard to contracts upon conditions, and cases in which the law imposes the penalty, the rule does not obtain, where the parties fix or agree upon the penalty as the measure of damages by the contract itself. In that case, the penalty is liquidated damages, and is an incident to and follows the principal in the same manner as does interest, and may be assessed by the jury, notwithstanding it is not claimed specifically in the declaration.

The judgment of the court below must be affirmed.

*Judgment affirmed.*