# New York Marine Court.

### Special Term—March 13, 1879.

## EDWARD J. WILSON *against* JACOB DULS.

Where parties stipulate upon a given event to pay a specified sum, the natural and plain import of the language is, that upon the happening of the contingency they will pay that precise sum, not that it shall stand by way of penalty.

McADAM, J.—The defendant entered into the plaintiff's employ for two years, from March 2, 1878, under a written agreement bearing date on that day, wherein and whereby the defendant "agreed, stipulated and promised to pay to the plaintiff the sum of $250, if he, the said defendant, left the said employ without the plaintiff's consent." The defendant entered upon the employment, but on January 11, 1879, he left it without the plaintiff's permission, and this fact is assigned as a breach of the condition aforesaid. The event which was to charge the defendant has occurred, and the only question left to be determined is whether the promised $250 is to be regarded as "liquidated damages" or as a "penalty." The plain

Wilson v. Duls.

and undoubted intention of the parties was to fix the sum mentioned as liquidated damages (Bagley v. Peddie, 16 N. Y. 472). This is apparent from the fact that the damages were in their nature difficult of ascertainment and proof, and that the parties therefore fixed their amount by agreement. The sum fixed is moderate in amount, and is nowhere stated to be "a penalty" or as a "penal" sum; but the language of the parties is, "agreed, stipulated, promised," showing that the amount of damages was agreed upon, and that they were "stipulated" damages, and to make it more plain, the defendant "promised to pay to the plaintiff the $250," in case of the breach by him of the aforesaid condition. The intention is clearly expressed, and determines the construction (Bagley v. Peddie, supra).

Where parties stipulate upon a given event to pay a specified sum, the natural and plain import of the language is, that upon the happening of the contingency, he will pay that precise sum, not that it shall stand by way of penalty (Chedwick's Ex'r. v. Marsh, 1 Zabriskie [N. J.], 466). The plaintiff's attorney has also referred me to Sedgwick on Damages (6 ed. 490–493); Smith v. Whitaker (23 Ill. 367); Field on Damages, 176; Colwell v. Lawrence (38 N. Y. 74); Cothrae v. Talmage (5 Seld. 554); Clement v. Cash (21 N. Y. 256). It is clear to me that the damages were and are liquidated, but even if they were not, I doubt whether the demurrer would lie, because the plaintiff would in any event be entitled to nominal damages. It follows that the plaintiff is entitled to judgment upon the demurrer, but leave will be given to the defendant to withdraw the demurrer and answer over, on payment within three days of $20 costs of the trial of an issue of law.

See 21 English Reports, Moak's notes, page 685.