MATTHEW M. MILLER

*v.*

ROBERT R. WILSON.

*Filed at Ottawa March 31, 1893.*

1. CONTRACT—*validity and construction—determined by lex loci.* As a general rule, a contract valid in the State where it is executed and is to be performed may be enforced in another State, although invalid by the laws of the latter State. The courts will look to the place where the contract is made, and not where it is to be enforced, to ascertain, not only its validity, but also in expounding its terms and conditions.

2. It is a familiar rule that the laws existing at the time and place of the execution of a contract enter into and form a part of the contract,

the same as if they were expressly referred to or incorporated in its terms. This rule embraces alike those which affect its validity, construction, discharge and enforcement.

3. SAME—*presumption as to validity of contract made in another State.* A contract made in another State or in a foreign country will be presumed to be made in accordance with the laws of the place of its execution, and a violation of those laws, if relied on as a defense, must be pleaded and proved.

4. STATUTE OF FRAUDS—*of another State must be pleaded and proved.* In an action upon a contract made in another State for the purchase of lands there situated, if the laws of such State render the contract void or voidable for the reason it is not in writing, that fact should be pleaded by the defendant; and it will not be sufficient to plead the Statute of Frauds of this State. When the Statute of Frauds is pleaded generally, without any averment that the statute was one of another State, it will be presumed that it is the statute of this State, which has no application in such case.

5. Where a contract is made in the State of Kansas for the sale of lots in that State, to be performed there, if the contract is valid in that State, although prohibited by our Statute of Frauds, it will be enforced by our courts. In such case, if the contract is void or voidable under the Statute of Frauds of that State, because not in writing and signed, that is a matter of defense which, to be availed of, must be pleaded and proved by the defendant.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Jo-Daviess county; the Hon. J. H. CARTWRIGHT, Judge, presiding.

This was an action of assumpsit, brought by Matthew M. Miller, against Robert R. Wilson, to recover a balance due on the purchase price of certain lots in Clay Center, Kansas, under an alleged contract of sale made by Miller to Wilson.

The declaration contained two special counts and the common counts. The first special count was, in substance, as follows: That on the 21st of October, 1887, at Clay Center, Kansas, plaintiff sold defendant lots 5, 6 and 7, block 1, Miller's addition, in consideration of $1000, as follows: $100 down, and $900 to be paid January 21, 1888; that defendant paid plaintiff $100, and the plaintiff made the following mem-

orandum in writing of the sale, in the defendant's presence and at his request, and signed and delivered it to defendant, who accepted and received it as a true memorandum of the contract; that the name of the defendant was written in the body of said memorandum, and adopted as his signature thereto, which memorandum is as follows, to-wit: ·

"LAW OFFICE OF M. M. MILLER,

CLAY CENTER, KAN., *Oct. 21, 1887.*

"Received of R. R. Wilson $100 in cash, in consideration of which, and a further payment of $900, to be paid on or before 21st of January, 1888, I agree to convey to him, by warranty deed, lots five (5), six (6) and seven (7), in block one (1), of M. M. Miller's addition to Clay Center, Kansas.

M. M. MILLER."

That though plaintiff was, on, etc., at, etc., ready and willing, and tendered and offered, to deliver to defendant a warranty deed conveying to defendant the lots aforesaid, and requested defendant to pay plaintiff said $900, yet defendant refused to accept the deed or pay the said sum of $900.

The second count set out more fully what was alleged to be a written memorandum of the contract, but it will not be necessary to set out the count here.

The defendant pleaded the general issue and several special pleas, among which was the second, "that the supposed contract mentioned in the declaration was made concerning the sale of lands and tenements, and that no memorandum or note thereof was made in writing and signed by the defendant, or any other person lawfully authorized in writing to sign the same, according to the statute in such case made and provided." To the second plea plaintiff replied that the several contracts and writings in said declaration were signed by the defendant according to the form of the statute in such cases made and provided, etc.

On a trial of the cause before a jury, the plaintiff recovered a judgment for the amount claimed. The defendant appealed

to the Appellate Court, where the judgment was reversed, and as the court found the facts different from the finding of the circuit court, it recited in its final judgment the facts found, as follows:

"*First*—That the only cause of action on which a recovery is sought by appellee is the breach of an alleged contract of appellant for the purchase of real estate.

"*Second*—We find that such contract was not in writing, and that there was no memorandum or note thereof in writing, signed by appellant.

"*Third*—We find the only memoranda in writing signed by appellant were a letter written on the 24th of October, 1887, and a note written by him on the 23d of January, 1888, and that they were insufficient to charge and render liable the appellant under the Statute of Frauds; that the said letter is as follows:

"'Windsor Hotel, Omaha, Neb., *Oct. 24, 1887.*
"'Col. M. M. Miller:

"'*Dear Sir*—Should I take a notion to buy the lot adjoining the three I bought, what would be your lowest price for it? I feel that I paid a pretty good price for the three lots, and would like a back lot if you can let me have it low enough. 120 by 140 is a small farm for $1000. Please advise me at Hanover, and oblige.

"'Yours respectfully,      R. R. Wilson.'

"That the said note is as follows:

"'*Monday Morning, 6:30, Jan. 23, 1888.*

"'On account of sickness and disappointment in not having received funds ordered to meet this, Saturday, I forfeit the above $100, and relinquish all claim in the above lots.

R. R. Wilson.'

"Which note was attached to the following receipt, executed by appellee:

" 'CLAY CENTER, KAN., *Oct. 21, 1887.*

" 'Received of R. R. Wilson $100 in cash, in consideration of which, and the further payment of $900 to be paid on or before the 21st of January, 1888, I agree to convey to him, by warranty deed, lots 5, 6 and 7, of block 1, in M. M. Miller's addition to Clay Center, Kansas. M. M. MILLER.'

"*Fourth*—We find that the parol evidence in the record was incompetent to connect and aid the said receipt, letter and note, to make out a valid contract under the Statute of Frauds, and also insufficient, and we reject the same as evidence."

Mr. E. L. BEDFORD, for the appellant:

The memoranda in evidence were sufficient to take the case out of the Statute of Frauds. If one of a series of papers which appears to have relation to the same contract is signed by the parties to be charged, this is enough, as all the papers are to be considered together as one contract or memorandum. Parol evidence is also admissible to identify any paper referred to. *Lerned* v. *Wannmacher*, 9 Allen, 412; *Rhoades* v. *Castner*, 12 id. 130; *Beckwith* v. *Talbot*, 95 U. S. 289; *Ryan* v. *United States*, 136 id. 68; *Grafton* v. *Cummings*, 99 id. 100; *Peck* v. *Vandermark*, 99 N. Y. 30; *Ridgway* v. *Wharton*, 6 H. L. Cas. 238; *Fitzmaurice* v. *Bailey*, 9 id. 78; *Baumann* v. *James*, L. R. 3 Ch. App. 508; *Shadlow* v. *Cottrell*, 18 Ch. Div. 280; 20 id. 90; *Studds* v. *Watson*, 28 id. 305; *Oliver* v. *Hunting*, 44 id. 205; *Long* v. *Millar*, 4 C. P. D. 450; *Cave* v. *Hastings*, 7 Q. B. D. 125.

It is the duty of the defendant to plead, and prove in evidence, the statute, which was not done in this case. *Smith* v. *Whitaker*, 23 Ill. 367.

In the absence of such a plea even a parol contract for the sale of lands will be enforced. *Dock Co.* v. *Kenzie*, 49 Ill. 293.

The validity of the contract, including the Statute of Frauds, is governed by the *lex loci*, viz., Kansas. *Edwards* v. *Kearzy*, 96 U. S. 595; *Pritchard* v. *Norton*, 106 id. 124; *Scudder* v.

*Bank,* 91 id. 406; *Klurg* v. *Fries,* 33 Mich. 277; *Houghtaling* v. *Ball,* 19 Mo. 84; *Denny* v. *Williams,* 5 Allen, 1.

The contract was made in the State of Kansas, and there being no proof to the contrary in this record, the common law will be presumed to be in force there. *Crouch* v. *Hall,* 15 Ill. 265; *Belford* v. *Bank,* 15 Bradw. 79.

Mr. W. SPENSLEY, for the appellee:

While it is true the form of the writing is immaterial, yet the writing, to be a recognition, and thus avoid the Statute of Frauds, must contain, in substance, a complete agreement between the parties. *Riley* v. *Farnsworth,* 116 Mass. 223; *Whelan* v. *Sullivan,* 102 id. 204; *Lincoln* v. *Erie Preserving Co.* 132 id. 129; *Lee* v. *Mahoney,* 9 Iowa, 374; Bishop on Contracts, (enlarged ed.) sec. 1248.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Conceding the facts to be as found by the Appellate Court and recited in its judgment, the question is whether the judgment rendered by that court is one authorized by the facts. The contract sued upon was executed in Kansas. It related to lands in Kansas, and the Appellate Court reversed the judgment rendered in the circuit court on the contract, on the ground that there was no memorandum signed in writing by the defendant, and that the contract was within the Statute of Frauds of this State, and hence an action could not be enforced upon it. It will be observed that the Statute of Frauds of Kansas, where the contract was executed and where the property sold was located, was not pleaded, but the plea of the defendant set up the Statute of Frauds of this State. It will also be observed that the record contains no evidence whatever that the State of Kansas has enacted a Statute of Frauds, or that there is any law in that State requiring a contract relating to the sale of lands to be in writing. If, therefore, the contract in question was valid in Kansas, (and it must be so

held in the absence of a law in that State to the contrary,) and is to be controlled by the laws of that State as to its validity, then the judgment of the Appellate Court was erroneous. On the other hand, if the contract is to be governed by the laws of this State, where the action was brought upon it, then the decision of the Appellate Court was correct. The question, therefore, to be determined is, whether the *lex loci contractus* is to control, or whether the contract shall be governed by the *lex fori.*

As a general rule, a contract valid in the State where it is executed may be enforced in another State. Thus, in *Roundtree* v. *Baker,* 52 Ill. 241, this court held, where an instrument executed in the State of Kentucky, prior to the abolition of slavery, for the purchase price of a negro slave sold there, was sued upon in this State, that the contract, being valid and enforcible where it was made, will be enforced in our courts under the law of comity, notwithstanding such a contract could not have originated here, by reason of slavery being prohibited in this State. It is there said: "It is a general rule that we look to the law of the place where the contract is entered into, and not where it is to be enforced, to ascertain its validity. Not only so, but in expounding its terms and conditions." Sutherland on Statutory Construction (sec. 471) says: "The laws which exist at the time and place of the making of a contract determine its validity, construction, discharge and measure of efficacy of its enforcement. A statute of frauds embracing a pre-existing parol contract not before required to be in writing would affect its validity."

It is a familiar rule that the laws existing at the time and place of the execution of a contract enter into and form a part of the contract. Thus, in *Edwards* v. *Kearzey,* 96 U. S. 595, it is said: "It is the settled doctrine of this court that the laws which subsist at the time and place of making a contract enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. This rule embraces

34—146 ILL.

alike those which affect its validity, construction, discharge and enforcement."

A very interesting case on this subject is *Cochran* v. *Ward*, 29 N. E. Rep. 795, and as the opinion in that case refers to and quotes from a number of authorities, we quote from the language of the opinion: "In the case of *Law* v. *Andrews*, 1 Story, 38, it was held that a contract for the sale of goods in France, if valid there, would be enforced in this country, though within the Statute of Frauds here. In *Scudder* v. *Bank*, 91 U. S. 406, it was held that in an action upon the parol acceptance of a bill of exchange to be performed in Missouri, the Statute of Frauds of the place of the contract should control, as it affected the formality necessary to create a legal obligation. The case of *King* v. *Fries*, 33 Mich. 277, was an action in Michigan upon a contract for the sale of goods in Ohio; it was held that the Ohio Statute of Frauds applied. The case of *Houghtaling* v. *Ball*, 19 Mo. 84, was an action in Missouri upon a contract for the sale of wheat to be delivered in the State of Illinois; it was decided that the Illinois Statute of Frauds obtained. The case of *Anderson* v. *May*, 10 Heisk. 84, was an action in Tennessee upon a lease for lands in Arkansas; the court decided that the Statute of Frauds of the latter State should be allowed to control the contract. *Denny* v. *Williams*, 5 Allen, 1, was an action in Massachusetts upon a contract for the sale of wool in New York, and the defendant set up the New York Statute of Frauds. The court held the answer good, saying: 'As the contract was made in the city of New York, and was to be performed there, the laws of the State of New York must govern us in respect to its construction and performance.' The Supreme Court of Louisiana, in *Vidal* v. *Thompson*, 11 Mart. (La.) 23, said: 'An instrument, as to its form and the formalities attending its execution, must be tested by the law of the place where it was made.' In *Pickering* v. *Fish*, 6 Vt. 102, the court used this language: 'As to the requisites of a valid contract, the mode

of authentication, the forms and ceremonies required, and, in general, everything which is necessary to perfect or consummate the contract, the *lex loci contractus* governs, though, with respect to conveyances, or other contracts relating to real estate, the statutory regulations of the place where such estate is situated must be observed.' "

As observed before, the contract involved was executed in Kansas, related to property in that State, and was to be performed in Kansas. Under the authorities cited, the laws of Kansas entered into and formed a part of the contract, and if the contract was valid in that State, although it may be prohibited by our Statute of Frauds, our courts, under the doctrine of comity, in an action on the contract, could do no less than enforce it. If the laws of Kansas rendered the contract void or voidable, for the reason that it related to lands and was not in writing, that was a matter the defendant was bound to plead and prove. As was held in *Smith* v. *Whitaker*, 23 Ill. 367, a contract made in another State or in a foreign country will be presumed to be made in accordance with the laws of the place of its execution, and a violation of those laws, if relied on as a defense, must be pleaded and proved. Here the defendant interposed a plea of the Statute of Frauds, but did not set up that it was the law of or a statute in Kansas. In the absence of an averment that the statute was one of another State, we will presume it was the statute of our own State. But if the defendant had pleaded the statute of Kansas he would occupy no better position, for the reason that no proof whatever was introduced tending to show what the statute or law of Kansas was.

From what has been said, if we are correct, our Statute of Frauds, relied upon by defendant, was no defense. The judgment of the Appellate Court will be reversed, and the judgment of the circuit court will be affirmed.

*Judgment reversed.*