## Mary F. Brown et al., Appellees, v. Shubert Theatrical Company, Appellant.

## Gen. No. 16,020.

1. STATUTE OF FRAUDS—*when lease not within.* *Held,* under the facts in this case, that the agreement in question, which was an agreement to take a lease of certain premises, was not within the Statute of Frauds of the State of Wisconsin.

2. LANDLORD AND TENANT—*when estoppel to question terms of lease arises.* If a lease is tendered as being in compliance with the provisions of a contract after the lease is accepted by the lessee an estoppel arises against such lessee to question the terms of such lease as not in compliance with such contract.

3. EVIDENCE—*effect of failure to produce.* If it is within the power of a party to produce evidence a failure by such party to produce the same justifies an inference that such evidence if produced would be prejudicial to his contentions.

Appeal from the Circuit Court of Cook county; the HON. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed December 13, 1911. *Certiorari* denied by Supreme Court (making opinion final).

HARRY J. LURIE, for appellant.

FOLLANSBEE, McCONNELL & FOLLANSBEE, for appellees; MITCHELL D. FOLLANSBEE and CLYDE E. SHOREY, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by the appellees, Mary F. Brown, Clarice F. Sanderson, Emily F. Smith and Jane Follansbee, owners of certain premises, known as No. 117 Wisconsin street, in the city of Milwaukee, Wisconsin, against appellant, the Shubert Theatrical Company, to recover damages for the alleged breach by the latter of an agreement claimed to have been entered into by it to take a lease of said premises.

To the declaration as finally amended, appellant

pleaded the general issue and also the Statute of Frauds of the State of Wisconsin, which statute provides, *inter alia*, as follows:

"No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands or in any manner relating thereto shall be created, granted, assigned, surrendered or declared unless by act or operation of law or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same or by his lawful agent thereunto authorized in writing."

"Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands shall be void, unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

To these pleas, which were verified, appellees replied that the agreement in question was signed by the authorized agent of appellant.

Upon a trial by jury in the Circuit Court, there was a verdict and judgment against appellant for $4,000, from which judgment it prosecutes this appeal.

Shortly prior to January 6, 1906, appellant had leased the premises, known as the Academy of Music, in the city of Milwaukee, for use as a theatre, and had also conducted negotiations with one Jane Follansbee, relative to procuring a lease of the premises known as No. 117 Wisconsin street, for use as an entrance to said theatre from Wisconsin street. The negotiations were conducted on behalf of appellant by Edwin Thanhouser, the local manager of the theatre, and by J. J. Shubert, the treasurer of appellant corporation. On January 6, 1906, Jane Follansbee executed a written instrument, whereby, in consideration of $100, which was paid by said Thanhouser for appellant, she agreed to give to appellant the privilege for thirty days to

lease the store and basement of the said premises for the term of five years from May 1, 1906, at an annual rental of $4,500, payable in equal monthly payments in advance, with the privilege of renewing said lease for a further term of five years at an annual rental of $5,000.    The agreement also enumerates certain conditions to be embodied in the lease.    At the time this option was signed by Mrs. Follansbee the property was owned by herself and the other appellees as tenants in common, and she, with the knowledge and consent of her co-tenants, had managed the property for a period of thirty-eight years.    Following the execution of said option by Mrs. Follansbee, she was notified by Thanhouser that an acceptance of the same by appellant would be forthcoming, and that the lease might be drafted for signature.    Thereupon, Mr. Wight, the legal adviser of appellees, drafted the lease in substantial accordance with the provisions of the option, and submitted the same for examination to Thanhouser and Herman Frank, who purported to be the representative of appellant, and treated with Mrs. Follansbee in that capacity.    Some changes in the original draft of the lease were suggested by Frank, and a form was finally agreed upon by Frank, Thanhouser and Wight.    The lease was properly signed and acknowledged by all of the appellees, and was then given to Frank for the purpose of having the same executed by appellant.    On or about February 3, 1906, Mrs. Follansbee received through Thanhouser a communication as follows:

"Garrick Theatre, Chicago.
February 3, 1906.
"To Mrs. Jane Follansbee,
  "Dear Madam:—
  "Referring to the option given us for the leasing of the store and basement known as No. 117 Wisconsin St., which option is in writing and is dated Milwaukee, January 6, 1906:

"We hereby notify you of the exercise of our option and our desire to lease the said premises above described upon the terms and conditions mentioned and described in said writing above referred to.

"Respectfully,

"The Shubert Theatrical Company,

"Per Herman Frank,

*"Its Agent and Attorney in Fact."*

At sometime prior to April 23, 1906, the lease was executed by appellant, and came into the hands of Frank, but was not delivered to appellees, because appellant had determined not to consummate the transaction. Appellees then tendered the possession of the premises to appellant and demanded a copy of the lease executed by appellant. Appellant refused to take the premises and retained the lease executed by it.

*First.* It is urged that the authority of Herman Frank and of Jacob J. Shubert to bind appellant with reference to the transaction in question is not established by the evidence.

Appellant is a New York corporation, having its principal office in the city of New York. The officers of the corporation were, Lee Shubert, president; Max C. Anderson, vice-president; Jacob J. Shubert, treasurer; and Joseph L. Rhinock, secretary. Jacob J. Shubert resided in Chicago and managed the Garrick Theatre. Appellant operated a theatre in the Academy of Music in the city of Milwaukee, Wisconsin, and employed one Thanhouser, as its resident manager. There is ample evidence in the record tending to show that appellant was cognizant of the plan or purpose to obtain the lease in question, and that Jacob J. Shubert, with the knowledge of Lee Shubert, went to Milwaukee, fully armed with apparent authority to negotiate for such lease. While in Milwaukee, Jacob J. Shubert was accompanied by Herman Frank, who acted in the capacity of legal adviser for appellant, and who was introduced by Shubert to the agent of appellees as the

representative of appellant, through whom the further negotiations would be conducted. Thereafter, Frank, assuming to act as agent and attorney in fact for appellant, executed the written acceptance of the option for the lease.

The Statute of Frauds of the State of Wisconsin is controlling (Miller v. Wilson, 146 Ill. 523), and that Statute, both by its terms and by construction of the Supreme Court of Wisconsin, does not require that the authority of the agent who contracts for the leasing of land shall be in writing. Dodge v. Hopkins, 14 Wis. 685. There is nothing in the facts of this case that prevents the application of the rule laid down in Morawetz on Corporations, cited with approval in McDonald v. Chisholm, 131 Ill. 273, as follows: "The general rule is established, that if an act performed by an agent would, under ordinary circumstances, be within the authority delegated to the agent, a person dealing with him in good faith, on the faith of his apparent powers, and without notice of facts showing that the act was unauthorized, may hold the prinicipal liable, whether the act was authorized or not." That appellant recognized the authority of Frank to negotiate for a lease on its behalf is manifest from the fact that it signed the lease in its corporate capacity, when it was taken or forwarded to New York by Frank, and that Frank was thereafter entrusted with its custody by appellant. The authority of Jacob J. Shubert and of Frank to act for appellant in the premises was not only not questioned by it, but was impliedly conceded by it, until this suit was instituted. The refusal of appellant to take the premises was not predicated upon any such ground.

*Second.* The terms of the lease, executed by appellees and delivered to appellant, do not differ in any substantial respect from the terms of the lease provided for in the option contract. The lease, as tendered by appellees, was accepted by appellant for exe-

cution, as being in compliance with the provisions of the contract, and as wholly satisfactory to it.    It is estopped from now asserting the contrary.

*Third.*    It is claimed that the agreement for a lease is unilateral and void and unenforcible for want of mutuality, because it is signed by Mrs. Follansbee alone, and there is no evidence that at the time of its alleged acceptance by appellant it had any notice that she was other than the sole owner of the premises. The record does not sustain this claim.    It is uncontroverted that a form of lease was drafted by Wight and submitted to Jacob J. Shubert and Frank, prior to the date of the written acceptance by appellant of the option contract, and it necessarily then appeared from an inspection of such draft of the lease that Mrs. Follansbee was not the sole owner of the premises, but that the premises were owned by the appellees as tenants in common.    Appellant then, having actual notice of the exact facts as to the title of the premises, and of the capacity in which Mrs. Follansbee executed the option contract, might have refused to accept such contract, but having accepted the same with full knowledge of the facts, it must be held to have assented thereto, and to its ratification by the co-tenants of Mrs. Follansbee.    In this particular, the facts in the case at bar serve to clearly distinguish it from the case of Cowan v. Curran, 216 Ill. 598, relied upon by appellant.

*Fourth.*    The rulings of the trial court upon the evidence were not wholly accurate in every instance, but the errors in that regard are not of sufficient significance to merit extended discussion, or to require a reversal of the judgment.

*Fifth.*    The first instruction given at the instance of appellees is assailed upon the grounds that, notwithstanding it directs a verdict, it erroneously assumes that appellees tendered to appellant a lease in accordance with the terms of the option contract, and

that appellant had in fact signed the lease.    As we have heretofore said, the terms of the lease which was executed by appellees and delivered to appellant did not differ in any substantial respect from the terms of the lease provided for in the option contract.    Furthermore, as the terms of the lease delivered to appellant were acquiesced in and adopted by it as being in conformity with the provisions of the option contract, no harm could have resulted to it by the instruction. While there is some conflict in the evidence bearing upon the question whether or not the lease was in fact signed by appellant, we are fully persuaded that a clear preponderance of the evidence sustains the contention of appellees in that regard.    It was wholly within the power of appellant to produce the lease in response to notice served upon it, and if it had not in fact been signed, appellant would have undoubtedly produced it.    The failure of appellant to produce the lease is most significant.    The judgment should not be reversed, because the instruction assumes a fact which is obviously true.

　　We find no reversible error in the record and the judgment is affirmed.

*Judgment affirmed.*