## T. D. Murdock et al., Plaintiffs in Error, v. Calgary Colonization Company, Defendant in Error.

### Gen. No. 5,985.

1. FRAUDS, STATUTE OF, § 83*—*when lex loci contractus governs.* Since the Statute of Frauds affects the validity and obligation of a contract, an action on an agreement made and to be performed in another State or country is governed by the *lex loci contractus.*

2. FRAUDS, STATUTE OF, § 83*—*when contract to find purchaser for land governed by lex loci contractus.* An oral contract made and performed in the Province of Alberta, Canada, to procure a purchaser for real estate, situate therein, is not enforceable in the courts of Illinois, when void under the Statute of Frauds of that Province.

3. FRAUDS, STATUTE OF, § 83*—*when recovery permissible on quantum meruit for services rendered under void contract.* There can be no recovery in Illinois on the *quantum meruit* for services rendered in the Province of Alberta, Canada, in procuring a purchaser for land located therein, where the Statute of Frauds of the Province precludes a recovery on an express oral agreement to pay for such services.

Error to the Circuit Court of Warren county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 9, 1915.

E. P. FIELD and SAFFORD & GRAHAM, for plaintiffs in error.

BROWN & SOULE, for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an action of assumpsit, brought by the plaintiffs in error against the defendant in error (a corporation of the Province of Alberta, Canada) to recover a balance due on account of commissions claimed for services rendered for the defendant in error, in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sale of land situated in the Province of Alberta, Canada. The plaintiffs in error first filed the common counts. To this declaration the defendant filed a plea of the general issue, and also a special plea, alleging that the contract for the commissions was oral, and therefore in conflict with the Statute of Frauds of the Province of Alberta, Canada. The plaintiffs in error demurred to the special plea, and the demurrer was overruled. The plaintiffs in error thereupon procured leave to file an amended declaration, consisting of the common counts, and a special *quantum meruit* count.

The defendant in error moved to strike the amended declaration from the files, which motion was denied. Thereupon, the defendant in error filed a demurrer to each count of the amended declaration, and the court sustained the demurrer as to the first count and overruled it as to the second, or *quantum meruit* count. At the following January term, 1913, the defendant in error filed two pleas to the *quantum meruit* count, the first being the general issue, and the second being a plea of the Statute of Frauds of the Province of Alberta, Canada, which plea sets up the statute to be as follows:

"No action shall be brought whereby to charge any person either by commission or otherwise for services rendered in connection with the sale of any land, tenements or hereditaments or any interest therein unless the contract upon which recovery is sought in such action or some note or memorandum thereof is in writing signed by the party sought to be charged or by his agent therein lawfully authorized in writing."

To this second plea the palintiffs in error filed a demurrer, which the court overruled. The defendant in error then withdrew the plea of the general issue, and the plaintiffs in error elected to stand by their demurrer. Judgment was thereupon rendered against them in bar, on the plea of the Statute of Frauds, and for costs of suit.

The vital question for the consideration of this court is, whether or not the court below erred in overruling the demurrer to the plea of the Statute of Frauds, and rendering a judgment thereon barring plaintiffs' claim. Plaintiffs in error claim a right to recover four hundred and eighty dollars, the second instalment due them on an oral contract, whereby the defendant in error agreed to pay them nine hundred and sixty dollars in two equal payments, for services rendered in procuring a purchaser of a section of land in Alberta, Canada, and also interest on deferred payments.

The plea of the Statute of Frauds relied on by the defendant in error alleges that the work done and the services rendered by plaintiffs in error, as well as the contract for payments therefor, related to the sale of land situated in the Province of Alberta, Canada; and that the services were rendered and the contract for the payment for such services was made in said Province; and that neither the contract, nor the payment for the services rendered, nor any note or memorandum thereof was in writing signed by the defendant in error, or by any authorized agent of the defendant in error, as required by the said statute. It is apparent that under the Statute of Frauds set out in the plea, no person could be charged for the services rendered in making sale of lands situated in the Province of Alberta, unless the contract for the payment for such services, or some note or memorandum thereof, was made in writing, and signed by the party sought to be charged, or by a duly authorized agent.

It is contended by the plaintiffs in error that the Statute of Frauds in question affects merely the remedy, and that, therefore, the *lex fori* applies to this action, and not the *lex loci contractus*. This view has been upheld in England, in the case of *Leroux v. Brown,* 12 C. B. 801, and in this country the courts in some of the States have accepted the authority of that decision. Judge Storey, in his work on the Conflict

of Laws, takes the same view of this question. But we think the clear weight of authority is to the effect that Statutes of Frauds affect the obligation and the validity of contracts, and that hence the *lex loci contractus* applies and controls. The rule stated in Sunderland on Statutory Construction, section 471, is that "a Statute of Frauds embracing a pre-existing parol contract, not before required to be in writing, would affect its validity."

It is stated in *Edwards v. Kearzey*, 96 U. S. 595, that "the laws which subsist at the time and place of making a contract, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. This rule embraces alike those which affect its validity, construction, discharge and enforcement;" that "the obligation of a contract includes everything within its obligatory scope;" and "among these elements nothing is more important than the means of enforcement."

It is also held, in the case of *Scudder v. Union Nat. Bank of Chicago*, 91 U. S. 406, that in an action upon the parol acceptance of a bill of exchange, to be performed in the State of Missouri, the Statute of Frauds of that State would control, as it affected the formality necessary to create a legal obligation. And in the case of *Pickering v. Fisk*, 6 Vt. 102, the rule as to the requisites of a valid contract is stated to be as follows: That as to "the mode of authentication, the forms and ceremonies required, and, in general, as to everything which is necessary to perfect or consummate the contract, the *lex loci contractus* governs." In the case of *Anderson v. May*, 10 Heisk. 84, the Supreme Court of Tennessee held, in a suit upon a lease for lands in Arkansas, that the Statute of Frauds of the latter State should be allowed to control the contract.

But whatever may be the rule in other States, it is clearly the settled law in this State that the subject-matter of a Statute of Frauds comes within the *lex*

*loci contractus,* and therefore does not merely pertain to the remedy, but affects the legal obligation, and the validity of contracts (*Miller v. Wilson,* 146 Ill. 523); and that the laws of the State in which the contract is made, in effect, form a part of the contract (*Burr v. Beckler,* 264 Ill. 230).

The plea of the Statute of Frauds in this case avers that the contract in question was entered into, to be performed, and was in fact performed, in Alberta, Canada. The interpretation, therefore, of the contract, with reference to a legal obligation arising therefrom, must be made to the same effect as if the case were being adjudicated in Alberta, Canada, and in accordance with the laws in force there. It is perfectly evident that under the laws of Alberta, Canada, the plea of the Statute of Frauds would constitute a good defense. And if it is a good defense there, it is also a good defense here. *Evans v. Anderson,* 78 Ill. 558; 2 Kent Com. 458-459. It is contended however that the Statute of Frauds is not a good defense, because under the *quantum meruit* count the plaintiff does not seek a recovery under an express contract but seeks to recover on an implied obligation which arises from performance of services, which have been accepted. This position would be a correct one, if the statute had reference to a contract to be performed, or an executory contract. The Statute of Frauds in question, is directed expressly against a recovery for services performed or on an unexecuted contract, and the terms of the statute directly affect the subject-matter of the suit. Where the subject-matter of a claim comes within the scope of the Statute of Frauds, either directly or indirectly, it cannot be enforced. *McGinnis v. Fernandes,* 126 Ill. 228. No implied obligation could arise here, until the services were rendered; and at the moment the services were rendered, the matter of payment therefor, which is sought to be enforced, came within the terms of the

statute. A recovery on an implied promise to pay cannot be had if a recovery on an express promise to pay is prohibited by law. "Where the law makes an express oral contract for services invalid, it will not create, by implication, a liability for such services." *Selvage v. Talbott,* 175 Ind. 648.

It is evident that the statute in question was designed to reach and bar exactly the kind of claim for which the plaintiffs in error seek a recovery in this action. The language of the Supreme Court of the State of Washington in the case of *Keith v. Smith,* 46 Wash. 131, seems, therefore, to be directly in point in this connection: "From its very nature a claim for commission could not be made until earned, and to hold that performance would take an action of this character out of the operation of the statute would nullify the statute."

We are of opinion that the court did not err in overruling the demurrer to the plea of the Statute of Frauds, and that the judgment rendered, barring the claim in question, was proper. The judgment should be affirmed.

*Affirmed.*