## J. L. Oakes, Jr., Appellant, v. Chicago Fire Brick Company, Appellee.

### Gen. No. 41,167.

Heard in the second division of this court for the first district at the April term, 1940. Opinion filed July 1, 1941.

LEVINSON, BECKER, PEEBLES & SWIREN, of Chicago, for appellant; HAROLD M. KEELE, HALBERT O. CREWS and DON M. PEEBLES, all of Chicago, of counsel.

ALFRED ROY HULBERT, of Chicago, for appellee.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

J. L. Oakes, Jr., plaintiff herein, appeals from an order of the superior court striking his complaint and dismissing the cause on the sole ground that the action was barred by the Illinois statute of frauds.

The facts alleged in the complaint and which are taken to be admitted by the motion to strike may be briefly summarized as follows: March 8, 1937, plaintiff and W. J. Gilbert, defendant's president, entered into an oral agreement at Haverford, Pa., by the terms of which defendant employed plaintiff to act as its sales manager for a period of one year beginning March 28, 1937, at a salary of $6,000 a year, payable in monthly instalments of $500 each. Plaintiff assumed his duties in accordance with the terms of the agreement March 28, 1937. May 31, 1937, he is alleged

to have been discharged by defendant without cause. Thereafter defendant refused to pay the monthly instalments of salary provided by the contract. As the result of the alleged breach plaintiff filed suit to recover the unpaid balance of his salary. The court allowed defendant's motion to strike the complaint and dismissed the cause on the sole ground as heretofore set forth that the action was barred by the Illinois statute of frauds.

Under the laws of Pennsylvania oral contracts not to be performed within a year from the date of their making have been uniformly held to be valid and enforceable by the courts of that State. (*Bernstein v. Lipper Mfg. Co.*, 307 Pa. 36.) Since the validity and enforceability of the contract in Pennsylvania was alleged in the complaint, this must be held to have been admitted by the filing of defendant's motion to strike under the provisions of the Illinois Practice Act. (Ill. Rev. Stat. 1939, ch. 110, par. 169, sec. 45 [Jones Ill. Stats. Ann. 104.045].) It follows, therefore, that unless the action is barred by the Illinois statute of frauds, plaintiff is entitled to prosecute his suit in this State.

The applicable portion of the Illinois statute of frauds (Ill. Rev. Stat. 1939, ch. 59, sec. 1 [Jones Ill. Stats. Ann. 55.01]) is: "That no action shall be brought . . . to charge any person upon any agreement . . . that is not to be performed within the space of one year from the making thereof, unless the . . . agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing. . . ."

The courts of some States have followed the early English decision of *Leroux v. Brown,* 12 C. B. 801, 138 Eng. Rep. 1191, holding that statutes of frauds employing phraseology similar to that of this State are *remedial,* but Illinois and many other jurisdictions have taken the opposite view and hold that a statute

of frauds is *substantive* in nature and affects the validity of the contract. The leading case on the question in this State, *Miller v. Wilson,* 146 Ill. 523, enunciates the doctrine that the Illinois statute of frauds is substantive in nature, and not remedial. In that case an action of assumpsit was brought to recover a balance due on the purchase price of certain lots in Kansas, under an alleged contract of sale made by Miller with Wilson. The contract was made in Kansas and was valid and enforceable in that State, but it did not comply with the provisions of the Illinois statute of frauds, and the defendant contended that the action was barred in Illinois by reason of that fact. The Appellate Court had reversed a judgment rendered in the circuit court in favor of plaintiff on the ground that there was no memorandum in writing by the defendant, and hence that an action could not be enforced upon it. The Supreme Court pointed out that the record contained no evidence whatever showing any law in the State of Kansas requiring a contract relating to the sale of lands to be in writing, and then proceeded to consider the question whether the validity of the agreement was to be determined under the laws of Kansas or those of this State. After citing and reviewing numerous authorities the Supreme Court concluded that a contract, valid in the State where executed, may be enforced in another state under the doctrine of comity existing between States, and summed up its conclusion as follows (p. 531): "Under the authorities cited, the laws of Kansas entered into and formed a part of the contract, and if the contract was valid in that state, although it may be prohibited by our statute of frauds, our courts, under the doctrine of comity, in an action on the contract, could do no less than enforce it." The significance of this decision is that the Appellate Court (*Wilson v. Miller,* 42 Ill. App. 332) had concluded, directly contrary to the Supreme Court, that no action can be brought in this State to enforce an oral agreement

made in a sister State, whether valid there or not, which, if made in Illinois, could not, by reason of our statute of frauds, be enforced in this State. The decision of the Appellate Court was in effect that the Illinois statute of frauds was remedial, but the Supreme Court took the opposite view and in reversing the Appellate Court held that our statute is substantive in nature and affects the validity of the contract. *Miller v. Wilson* thus placed Illinois in line with those jurisdictions which have repudiated the doctrine of *Leroux v. Brown.* In the later case of *Murdock v. Calgary Colonization Co.,* 193 Ill. App. 295, the court followed the rule in *Miller v. Wilson,* and held that an action brought in Illinois on an oral agreement executed in Alberta, Canada, for commissions in connection with the sale of land, cannot be enforced in Illinois because the statute of frauds of the Province of Alberta, where the contract was made, rendered it unenforceable. In commenting on the question under consideration, the court said (pp. 297, 298): "It is contended by the plaintiffs in error that the Statute of Frauds in question (the Alberta Statute of Frauds) affects merely the remedy, and that, therefore, the *lex fori* applies to this action, and not the *lex loci contractus.* This view has been upheld in England, in the case of *Leroux v. Brown,* 12 C. B. 801, and in this country the courts in some of the States have accepted the authority of that decision. . . . But we think the clear weight of authority is to the effect that Statutes of Frauds affect the obligation and the validity of contracts, and that hence the *lex loci contractus* applies and controls. . . .

"But whatever may be the rule in other States, it is clearly the settled law in this State that the subject-matter of a Statute of Frauds comes within the *lex loci contractus,* and therefore does not merely pertain to the remedy, but affects the legal obligation, and the validity of contracts (*Miller v. Wilson,* 146 Ill. 523); . . . ."

In another Appellate Court decision, *Brown v. Shubert Theatrical Co.,* 166 Ill. App. 322, the court, after citing *Miller v. Wilson,* held that a suit brought in Illinois upon a contract made in Wisconsin involving the laws of real estate, was controlled by the Wisconsin statute of frauds, and that the statute of this State was not applicable.

Although some States have held to the contrary the weight of modern authority seems to follow *Miller v. Wilson.* The case of *Cochran v. Ward,* 5 Ind. App. 89, 29 N. E. 795, is one of the early cases upon which the Supreme Court of Illinois relied in *Miller v. Wilson.* In that case it was held that the Illinois statute of frauds must be applied by the Indiana courts in a suit brought in that State on a parol agreement made and entered into in Illinois. In the course of its opinion the court pointed out (p. 797) that "It is impossible to consider a contract separately from the remedy given by the law for its enforcement, because it is this that supplies it with legal vitality. The law is an essential factor in every contract, and is presumed to be considered by the parties in their deliberations. If the law of the place stamps upon an agreement the quality that it shall be voidable, and that its performance shall be a pure matter of conscience or grace with the parties, that quality becomes a part of the substance of the agreement, and characterizes it wherever it may be. A right without a remedy for its enforcement is a mere fiction."

Wharton, in Conflict of Laws (sec. 690f), observes that "in view of the anomalous results that follow from a strict application of the distinction made in *Leroux v. Brown,* and the tendency, already noted, to repudiate that distinction, the better view is, perhaps, to regard a provision of the statute of frauds as substantive, rather than remedial, if it declares that no action shall be brought on the contract, or that the contract shall be invalid or void, even though the rest of the language of the provisions . . . may, taken by itself, indicate

that the statute was merely intended to prescribe a rule of evidence, rather than a rule of substantive law.''

Both Williston on Contracts, at p. 1521, and Goodrich on Conflict at Laws, sec. 88, p. 173, recognize and discuss the division of authority upon the question, and other States have followed the decision in *Miller v. Wilson.*

Defendant in its brief has avoided a discussion of *Miller v. Wilson,* and utterly disregards the extensive comments thereon by plaintiff. It relies on the decisions in the other States holding to the contrary. We are not unmindful of the fact that all States are not in accord on this question, but the rule in Illinois is definitely established in *Wilson v. Miller,* and we therefore hold that the superior court erred in striking the complaint and dismissing plaintiff's cause of action. The judgment of the superior court is reversed and the cause remanded with directions to overrule the motion, require defendant to plead, and proceed with the trial of the cause upon its merits.

*Judgment reversed and cause remanded with directions.*

SCANLAN and SULLIVAN, JJ., concur.