STATE OF GEORGIA, for use, etc., *v.* BANK OF WRIGHTSVILLE.

HILL, J.  1. "The property of collectors, and of their sureties, is bound, from the execution of their bonds, for the payment of taxes collected and the discharge of their duties." Civil Code (1910), § 1190, as amended by the act of 1917 (Acts 1917, p. 198).

2. "If any collector shall fail to settle his accounts with the comptroller-general in terms of the law, he shall issue execution against him and his sureties for the principal amount, with interest at the rate of twenty per cent. per annum on said amount; provided, that if upon a final settlement it should appear that said collector was entitled to credits at the time he is required by law to settle, the comptroller-general may allow the same, and charge such interest only on the amount for which the collector is in default, together with all the costs and attorney's fees incurred by reason of the issuance of said execution." Civil Code (1910), § 1187.

3. The Bank of Wrightsville was not entitled to a superior lien on account of subrogation to the rights of the State. *Erwin* v. *Brooke,* 159 *Ga.* 683 (126 S. E. 777).

4. It follows from the preceding headnotes that the plaintiff in fi. fa., under the law, was entitled to a lien superior to that held by the bank. The court having held contrary to this ruling, the judgment mus be reversed.　　　*Judgment reversed. All the Justices concur.*

No. 5161. MAY 14, 1926.

Claim. Before Judge Camp. Johnson superior court. September 22, 1925.

An execution was issued in the name of the State of Georgia, for the use of the Fidelity & Guaranty Company, against A. S. Mayo, the tax-collector of Johnson County, which execution was levied on certain described real estate as the property of A. S. Mayo. The execution was issued because of a shortage in the amount of taxes collected, and due the State by the tax-collector. The Bank of Wrightsville filed a claim to the land, alleging that the tax-collector, in June, 1920, executed a security deed to the Bank of Wrightsville, to secure a loan of $1000 from the bank. On the trial of the case the State introduced in evidence warranty deeds to the property, showing the fee-simple title in the tax-collector at the time he was in office; also the testimony of the tax-collector to the effect that he was tax-collector during the years 1917, 1918, 1919, and 1920; that he was "short" with the State, and with the County of Johnson, on settlement for taxes collected; that he had an account with the Bank of Wrightsville "as tax-collector," and paid his personal bills from this account; that he borrowed the $1000 from the bank to pay the shortage to the State; and that the property is not now worth more than $800. The cashier of the bank also testified to substantially the same facts. The case was submitted to the judge to pass upon without the intervention of a jury, and he found in favor of the claimant. To this judgment the plaintiff excepted.

*A. L. Hatcher,* for plaintiff. *J. L. Kent,* contra.