Robert R. Wilson

v.

Matthew M. Miller.

*Statute of Frauds—Oral Contract for Sale of Real Estate—Memoranda—Sufficiency of.*

1. At common law it was not necessary for a contract for the purchase of real estate to be in writing.

2. There being no proof to the contrary in the record, the common law will be presumed to be in force in a State other than that in which the action in question was instituted.

3. Where a contract has been made in a sister State to be performed in that State, the validity thereof must be determined by the laws of that State. The rights of the parties must be determined by the *lex loci*, the remedy by the *lex fori*.

4. No action can be brought in this State to enforce an oral agreement made in a sister State, whether valid there or not, which if made in Illinois could not, by reason of our statute of frauds, be sued upon.

5. To be memoranda sufficient to take a contract out of the statute of frauds, the writings must, when taken together, evidence all the essential terms of the contract. The material relation of the several papers must appear on their face, and can not be established by parol evidence, nor can parol evidence be resorted to in aid of the papers, to make complete proof of the contract.

6. This court reverses the judgment for the plaintiff in the case presented, for the reason that the memoranda signed by the defendant were insufficient to take the contract out of the statute of frauds.

[Opinion filed January 18, 1892.]

Appeal from the Circuit Court of Jo Daviess County; the Hon. J. H. Cartwright, Judge, presiding.

Mr. W. Spensley, for appellant.

Mr. E. L. Bedford, for appellee.

Harker, J.    This was an action by appellee, a Kansas real estate dealer, to recover from appellant the balance due on a parol contract for the purchase of three town lots situated in Clay Centre, Kansas.

The declaration avers that on the 21st of October, 1887, at Clay Centre, Kansas, the plaintiff sold defendant lots 5, 6 and 7, block 1, Miller's addition, in consideration of $1,000— $100 down and $900 to be paid January 21, 1888; that the $100 was paid, but that the defendant had neglected and refused to pay the $900, although the plaintiff had tendered and offered to deliver to him a warranty deed for the premises.    The general issue, statute of frauds, fraud in representing the value of the lots, fraud in showing the purchaser other and different lots from those described and representing them to be the same lots, and failure to tender a good and sufficient deed, were pleaded.    Issue was taken on the pleas and a trial was had, resulting in a verdict and judgment in favor of appellee for $1,050.

The following were the only memoranda in writing of the contract produced in evidence:

1.                    "Clay Centre, Kansas, Oct. 21, 1887.

Received of R. R. Wilson $100 in cash, in consideration of which and a further payment of $900 to be paid on or before the 21st day of January, 1888, I agree to convey to him by warranty deed lots 5, 6 and 7, in block 1, of M. M. Miller's addition to Clay Centre, Kansas.

M. M. Miller."

2.                    "Monday Morning, 6:30, Jan. 23, 1888.

On account of sickness and disappointment in not having received funds ordered to meet this Saturday, I forfeit the above $100 and relinquish all claim on the above lots.

R. R. Wilson."

3.                    "Omaha, Neb., Oct. 24, 1887.

Col. M. M. Miller,

*Dear Sir:*   Should I take a notion to buy the lot adjoining

the three I bought, what would be your very lowest price for it? I feel that I paid a pretty good price for the three lots and would like a back lot if you can let me have it low enough. 120x140 is a small farm for $1,000. Please advise me at Hanover, and oblige,

Yours respectfully,

R. R. WILSON."

The evidence in the record fails to show that appellee resorted to such fraud and deceit in obtaining the contract as would allow appellant to avoid it. Miller showed Wilson the right lots when he offered to sell, and although he may have exaggerated their value to considerable extent, his representations in that regard did not go further than is allowable under the law to one seeking a sale of his property. There was nothing to prevent Wilson from exercising his own judgment. We are not disposed to relieve him from the consequences of a hard bargain simply because he failed to exercise that degree of precaution which a prudent man should exercise when about to invest in Kansas real estate. The evidence sufficiently shows a tender of deed on the part of appellee before bringing the suit.

The only contention of appellant worthy of very serious consideration, is the one involved by the plea of the statute of frauds.

At common law it was not necessary for a contract for the purchase of real estate to be in writing. The contract between Miller and Wilson was made in, and was to be performed within the State of Kansas. There being no proof to the contrary in the record, the common law will be presumed to be in force there. Where a contract has been made in a sister State, to be performed in that State, it is a familiar principle that the validity of the contract must be determined by the laws of that State. The rights of the parties must be determined by the *lex loci*, the remedy by the *lex fori*. If the statute of frauds relates to the remedy and not to the rights and merits of the contract, then this case hinges entirely upon whether the memoranda in evidence were sufficient to take the contract out of the statute of frauds.

Wilson v. Miller.

The English Court of Common Pleas many years ago held that the statute fell within the *lex fori*, and that an action would not lie in the courts of England to enforce an oral agreement made in France and valid there, which, if made in England could not, by reason of the statute of frauds, have been sued upon. Leroux v. Browne, 12 C. B. 800.

We are not advised that the question has ever been passed upon by any court of last resort in this country, although we have been interested in making a rather exhaustive examination. Justice Story twice expressed doubt upon it, but in neither case was the question actually presented for decision. Van Reimsdyk v. Keane, 1 Gall. 630; Smith v. Burham, 3 Sumn. 435.

In the case of Work v. Cowhick, 81 Ill. 317, Judge Dickey, in a separate opinion, approved the rule announced in Leroux v. Browne, *supra*, but the majority of the court were not prepared, without further consideration, to adopt his view as the law, and decided the case on other grounds.

We are disposed to follow the English decision, and therefore hold that no action can be brought in this State to enforce an oral agreement made in a sister State, whether valid there or not, which, if made in Illinois, could not, by reason of our statute of frauds, be sued upon. In this view we are supported by two highly respectable American authors—Browne on the Statute of Frauds, 137 ; Wood on the Statute of Frauds, 305. Such holding does not go to the extent of declaring the contract invalid, nor to interfering with the rights of the parties in any forum which will recognize the sufficiency of the proofs. The contract is not void, but the litigant seeking redress because of an alleged breach is debarred simply because his proofs of the contract are not up to the standard required by the Illinois statute.

Conceding, then, that there being no proof to the contrary, it will be presumed the common law is in force in the State of Kansas, as counsel for appellee insists, the common law rule allowing parol agreements for the sale of lands to be enforced can not aid appellee in this controversy. His right to maintain this action is determined by the Illinois statute.

Sec. 2 of our Statute of Frauds reads as follows: " No action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments or any interest in or concerning them, for a larger term than one year, unless such contract or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party."

The contract sued on was parol, and the only written memoranda thereof were the instrument executed by Miller when the $100 were paid, the letter written by Wilson from Omaha and the written statement executed by Wilson on the 23d of January, 1888, when he returned the instrument executed by Miller. It is insisted upon the part of appellee that these memoranda are sufficient to take the contract out of the statute of frauds.

To effect that end they must, when taken together, evidence all the essential terms of the contract. Browne on Statute of Frauds, 396 ; Wood on the Statute of Frauds, 647; Frazer v. Howe, 106 Ill. 563 ; Riley v. Farnsworth, 116 Mass. 223. This they do not do. The instrument executed by Miller on the 21st of October, 1887, is nothing more than a receipt for $100, and a unilateral obligation on his part to convey, on the payment to him of $900 within a certain time. It contains no statement that Wilson had agreed to pay $900. On its face it shows that while Miller had contracted to convey, Wilson had merely an option on the deal, for which he had paid $100. It is not a memorandum signed by the party sought to be charged, and as evidence could only be considered in connection with the writing made by him and attached thereto, in which he stated that he forfeited the $100 and relinquished all claim to the lots.

This last mentioned memorandum was made by Wilson when he surrendered the receipt, January 23, 1888. It must be regarded in the light either of a repudiation, or an abandonment on the part of Wilson. Whether a letter repudiating a parol contract within the statute of frauds takes the contract out of the statute, is a question on which neither authorities nor

courts are agreed.    Browne on the Statute of Frauds, 362; Wood
on the Statute of Frauds, 652.    But the authorities which hold
such a letter may have that effect, also hold that it must admit
the existence of a previous completed contract between the
parties.

Regarding this writing as a repudiation, it is not a sufficient
memorandum, because it does not furnish evidence of what
the parol agreement was, nor does it admit that there ever was
a completed one between the parties.    The most rational view
is to consider it as an abandonment, however; not the aban-
donment of a contract, but of an election which he had, to buy
the lots.

Considering the two instruments together, unaided by parol
proof, the only reasonable construction to place upon them is
that Miller had, in consideration of $100 paid by Wilson,
given Wilson a ninety days option on the purchase of the
three lots and that Wilson had abandoned the option.

The letter written by Wilson from Omaha, October 24, 1887,
does not refer to Miller's unilateral obligation.    No connec-
tion can be established between them without resorting to
parol proof.    True, it refers to three lots bought; but it does
not say what lots, nor refer to the terms of any parol agree-
ment.    The connection between the letter and the parol con-
tract testified to by Miller as made when the parties went out
to examine the lots, can not be established without resorting
to parol proofs.

The material relation of the several papers must appear on
their face, and can not be established by parol evidence, nor
can parol evidence be resorted to in aid of the papers, to make
complete proof of the contract.    Browne on Statute of Frauds,
367; McConnell v. Brillhart, 17 Ill. 354; Atwood v. Cobb, 16
Paige, 227; Ines v. Hazard, 4 R. I. 29; Wiley v. Roberts, 27
Mo. 388; Briggs v. Munchow, 56 Mo. 467; Coe v. Duffield, 7
Moore, 252; Stead v. Liddard, 1 Beng. 4.

Said Justice Scholfield in Frazer v. Howe, *supra:* "The
writing, to meet the requirement of the statute, need not give
all the details, but must express the substance of the contract
with reasonable certainty, either by its own terms or by refer-

ence to some other agreement or matter from which it can be ascertained with like reasonable certainty. The contract can not rest partly in writing and partly in parol."

The parol evidence heard upon the trial established a contract, but such evidence could not be considered in view of the defendant's second plea.

Governed by the rule contained in the authorities above cited, we are of the opinion that the memoranda signed by the appellant were insufficient to take the contract out of the statute of frauds and that the judgment should be reversed; and inasmuch as they appear to be the only writings signed by appellant, the cause will not be remanded.

*Judgment reversed.*

Justice CARTWRIGHT, having tried this case in the Circuit Court, took no part in its decision here.