OBEAR *v.* THE FIRST NATIONAL BANK OF BIRMINGHAM.

1. Where a suit upon a written contract executed and to be performed in another State is brought in a court of this State, the question whether or not the plaintiff's right of action is barred, being one relating exclusively to the remedy, must be determined with reference to the limitation laws of Georgia.

2. Although in Alabama the promise arising by implication from the mere making by the debtor of a partial payment upon a promissory note may be sufficient to constitute a new point from which the limitation will begin to run, the law of Georgia distinctly provides that a new promise, in order to constitute such a point, "must be in writing, either in the party's own handwriting, or subscribed by him, or some one authorized by him." Code, §2934.

.3. It follows that the right of action upon such a promissory note not under seal is barred in Georgia after the lapse of more than six years from the maturity of the note, notwithstanding the making of a partial payment thereon as first above stated, and this is true although such right of action would not be barred in Alabama. Whether the defense, made by demurrer to the declaration in such a case, be treated as arising under the statute of limitations or the statute of frauds is immaterial, as both relate to questions of remedy' only.

December 2, 1895.

Complaint on note.    Before Judge Westmoreland. City court of Atlanta.    May term, 1895.

*Hines & Hale,* for plaintiff in error.
*James H. Gilbert,* contra.

SIMMONS, Chief Justice.

This was an action upon a promissory note, not under seal, which was executed and by its terms made payable in the State of Alabama. . The note was dated February 9, 1888, and was payable on demand. The suit was filed April 17, 1894. Upon the note were unsigned entries reciting the payment of certain amounts thereon on August 7 and August 23, 1888. By an amendment to the declaration the plaintiff alleged that these amounts were paid on the dates mentioned, and that by the law of Alabama partial payments upon a note not barred by the statute of

limitations operate as a recognition of the debt and establish a new date for the commencement of the period of limitation. It did not appear by whom the entries on the note were made. The defendant demurred generally to the declaration as amended, and demurred to the amendment on the ground that the facts therein stated do not take the note out of the statute of limitations, and that the case is governed by the statute of limitations of Georgia, and not that of Alabama. The defendant also moved to dismiss the suit because it appeared to be barred by the statute of limitations of this State. The demurrer and the motion to dismiss were both overruled, and to these rulings the defendant excepted.

In this State all actions upon promissory notes not under seal must be brought within six years after the same become due and payable. (Code, §2917.) The note sued upon was payable on demand, and therefore was due immediately. (Code, §2791.) In order for a partial payment upon a note to constitute a new point from which the period of limitations will begin to run, the payment must be entered upon the note, and the entry must be made in the debtor's own handwriting, or subscribed by him, or some one authorized by him. (Code, §§2934, 2935.) And the holder of the note cannot be the agent of the debtor to make such an entry. (*Shumate* v. *Williamson,* 34 *Ga.* 245; *Wright* v. *Bessman,* 55 *Ga.* 187.) If, therefore, the case is controlled entirely by the law of this State, the action was barred, it appearing that more than six years had elapsed from the time the right of action accrued until the suit was filed, and it not appearing that either of the alleged payments on the note was entered thereon by the debtor or by any person authorized by him.

It is well settled that the limitation of actions is controlled by the *lex fori,* and not by the law of the place where the contract was made or is to be performed. This was conceded; but it was contended that the rule is differ-

ent as to the statute of frauds and laws of that nature; and that while the period of limitation in this case is that fixed by the law of Georgia, the law of Alabama governs with regard to the effect of partial payments in constituting a new point for the commencement of that period; and such payments being of themselves sufficient for this purpose under the law of Alabama, it was not necessary that they should be entered on the note in the manner prescribed by the law of Georgia. In support of this contention, counsel relied upon section 8 of the code of this State, which declares that "the validity, form and effect of all writings or contracts are determined by the laws of the place where executed."

We do not agree with counsel in this contention. This provision of the code is declaratory of a rule which prevails universally among civilized nations, and which is applied in determining as to the nature, validity and interpretation of contracts; and it is not to be so construed as to conflict with the rule, equally well established, that matters respecting remedies on contracts, such as the mode of procedure and proof, and the time within which suit shall be brought, are regulated by the law of the forum, or place where the suit is brought. A law prescribing the manner in which a new promise, or a payment from which such a promise will be implied, shall be evidenced in order to extend the period within which suit may be brought upon a contract, relates to the remedy, and does not affect the intrinsic validity of the promise. The question of what evidence shall be required for this purpose in an action upon the contract is one thing; the question whether a promise not so evidenced is valid or not is another and different thing. The statute referred to is in the nature of a statute of frauds, its object being the prevention of fraud and perjury and the avoidance of the uncertainties to which parol evidence is exposed, (*Watkins* v. *Harris*, 83 *Ga.* 683), and it should be applied as well in cases like the present as in cases where such a

promise is alleged to have been made in this State, if it be possible to do so without holding the promise itself void. This we think can be done; and in this view we are supported by various decisions upon the statute of frauds, both in England and in this country, and by the authority of leading text-writers. Upon the ground that compliance with the requirements of the statute does not constitute the contract, but that the statute presupposes an existing lawful contract, and affects only the remedy for the violation of the contract, it is held that where a contract within the statute is, by the laws of the country where it is made and to be executed, valid and enforceable, still no action can be maintained upon it in the courts of the country where the statute prevails, unless its requirements be satisfied. See Browne, Statute of Frauds (5 ed.), §§115a, 136, and cases cited; especially the leading English case on this subject, Leroux *v.* Brown, 12 C. B. 801, 74 Eng. Com. Law Rep. 800, where the question was argued at some length, and upon the ground above stated it was unanimously held by the judges that an action would not lie in the courts of England to enforce an oral agreement made in France, and valid there, which if made in England could not, by reason of the statute of frauds, have been sued upon. See also the well considered opinion of Park, J., in the case of Downer *v.* Chesebrough, 36 Conn. 39, 4 Am. Rep. 29, where it was held that the evidence by which the contract was to be proved was no part of the contract itself, and was governed therefore by the *lex fori*, and not by the *lex loci contractus*. "Any other view of the law," it was said, "would lead to endless perplexity. Evidence merely informs the court what contract was made. It has nothing to do with the obligations imposed by the agreement. Parties are presumed to contract in accordance with the law of the place where a contract is made. The law forms a part of it. But can it be said that the parties contract in regard to the mode by which its terms and conditions shall

be made known to the court if a suit should be brought on
the contract?" There is some conflict of opinion on this
subject, but we think the views above stated are sustained
by sound reason as well as by the weight of authority.
Dr. Wharton, in his work on the Conflict of Laws (§690),
says: "Such statutes are based on moral grounds. Their
object, as is shown by the title of that which served as the
pattern of all others, is to prevent fraud and perjury.
Here then would come into play the position on which
Savigny lays such great stress, that moral laws, or laws to
effect moral ends, which are imposed by particular states,
are peremptory and coercive, and are to be taken as rules of
procedure by the judges of such states. It is true that
Judge Story opposes to such a conclusion his great author-
ity. He maintains that where parol contracts are good by
the law of the place where they are made, they may be
enforced in countries where they would, if there executed,
be barred by the statute of frauds; and he cites a number
of cases to this point, none of which his editor, Judge Red-
field, states, seems to adopt the views he here intimates."
Judge Redfield, in the note referred to, says: "We must
confess that upon principle, as the statute does not declare
the contracts void, but only that no action or suit, either in
law or equity, shall be maintained on such contract, it
ought to be regarded as a statute affecting the remedy
rather than the contract, and that wherever made, it could
not be sued in the courts of a state where the statute ex-
pressly provided that no such action shall be maintained."
In the case of Denny *v*. Williams, 5 Allen, 1, where a
different rule was stated, and in the cases of VanReimsdyk
*v*. Kane, 1 Gall. 630, Smith *v*. Burnham, 3 Sumn. 435,
and Low *v*. Andrews, 1 Story, 38, in which doubt on this
point was expressed by Judge Story, the question was not
actually presented for decision. A case which goes very
far in vindicating the control of the *lex fori* in such cases
is that of Bain *v*. Whitehaven, 3 House of Lords Cases, 1,

where the matter is discussed by Lord Brougham, and the conclusion stated, that whether a certain matter requires to be proved in writing or not, and whether certain evidence proves a certain fact or not, is to be determined by the law of the country where the question arises, where the remedy is sought to be enforced, and where the court sits to enforce it.   See also Wilson *v.* Miller, 42 Ill. App. 332; Kleeman *v.* Collins, 9 Bush (Ky.), 460; Wood, Statute of Frauds, §166.

It follows from what has been said, that the court below ought to have sustained the demurrer and dismissed the action.                                        *Judgment reversed.*