## ERWIN, receiver, *et al.* v. BROOKE *et al.*

1. The court did not err in overruling the demurrers of the plaintiffs and in allowing amendments to the answers of the defendants previously filed.

2. None of the assignments of error on objections to evidence show reversible error.

3. Numerous complaints are made on the several findings of fact by the court. None of these are sufficient to show error for any reason assigned therein.

4. The court did not err in his finding of law "that plaintiff, T. C. Erwin as receiver herein, has no right to be subrogated herein to the lien of

the Lowry National Bank to the extent that said lien was discharged by payments made by Jones & Oglesby."

5. Under the assignments of error made in the bill of exceptions as to the remaining findings of the court not specifically mentioned, no error is shown. These assignments of error are not of such character as require special mention.

No. 4396. JANUARY 15, 1925. ADHERED TO ON REHEARING, FEBRUARY 21, 1925.

Equitable petition. Before Judge Tarver. Bartow superior court. April 10, 1924.

*Winfield P. Jones* and *J. T. Norris,* for plaintiffs in error.

*W. A. Sutherland, Jones, Evins & Moore,* and *R. P. Jones,* contra.

GILBERT, J. The case has been before the court on two previous occasions. *Brooke* v. *Jones & Oglesby,* 143 *Ga.* 684 (85 S. E. 879) ; *Erwin* v. *Brooke,* 149 *Ga.* 434 (100 S. E. 439). A statement of the case, as it then appeared, will be found in the report of the case when it was first here. Another branch of the litigation was before the court in *Brooke* v. *Lowry National Bank,* 141 *Ga.* 493 (81 S. E. 223). The exception now is to the judgment of the court in overruling demurrers filed by Erwin, receiver, to amendments filed by defendants, T. J. Brooke and J. P. Brooke, to their answers; to rulings made by the court, to whom the case was submitted without the intervention of a jury, upon the admissibility of certain evidence offered by Erwin, receiver; and upon certain findings of law and fact as made by the court.

1. As we view the case, the chief issue is on the question whether T. C. Erwin, receiver for Jones & Oglesby, was entitled to be subrogated pro tanto to the rights of the Lowry National Bank, holder of a judgment and special lien on the property of G. W. Brooke, including the notes of J. W. Bell. The court ruled against such subrogation. The assignment of error in this regard is as follows: "That said order in paragraph first of the judgment was vitally erroneous in decreeing that plaintiff, T. C. Erwin as receiver herein, has no right to be subrogated herein to the lien of the Lowry National Bank to the extent that said lien was discharged by payments made by Jones & Oglesby; and said judgment should have held distinctly and emphatically that said Jones & Oglesby made said payments in conformity to an order of court herein, and that their payments extinguished the prior lien to the extent of such payments on the entire one hundred acres involved in this suit, and that said T. C. Erwin as receiver herein has the right to

have all of this land sold as a whole for the purpose of paying T. J. Brooke the small balance that is now due him on the fi. fa. transferred to him by the Lowry National Bank, and for the purpose, next, of reimbursing T. C. Erwin as receiver herein for the entire amount heretofore paid by Jones & Oglesby in conformity to the orders of this court." The evidence authorized the court to find that the Lowry National Bank had obtained a judgment against G. W. Brooke, which included a special lien, as above mentioned; that the judgment of the Lowry National Bank had in large part been paid off, but a balance remained unpaid; that thereafter T. J. Brooke purchased the fi. fa., including the lien, from the Lowry National Bank and took a formal assignment to himself; furthermore, that Jones & Oglesby paid their notes due to Bell and assigned to Brooke and by the latter, except one note, deposited as collateral security with the bank. As stated above, the debt of Brooke to the bank was not fully paid off and discharged, and had not been when the judgment in the present case was rendered by Judge Tarver under an agreement submitting the case to him without the intervention of a jury. "There are known to the law two kinds of subrogation—legal and conventional. Ordinarily, when the term is used without qualification, legal subrogation is meant. Legal subrogation arises by operation of law, where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid. Conventional subrogation depends upon a lawful contract, and occurs where one having no interest in or relation to the matter pays the debt of another, and by agreement is entitled to the securities and rights of the creditor so paid." 25 R. C. L. 1312; *Wilkins* v. *Gibson,* 113 *Ga.* 31, at p. 42 (38 S. E. 374, 84 Am. St. R. 204); Boley *v.* Daniel, 72 Fla. 121 (72 So. 644, L. R. A. 1917A, 734). Since there is no mention of conventional subrogation, that is, that there was any lawful contract to that effect, we take it that legal subrogation is the kind claimed. It is unnecessary to deal at length with the general subject of subrogation, since a learned discussion of that subject will be found in *Wilkins* v. *Gibson,* supra. Several sections of the Civil Code (1910) deal with the subject of subrogation. Sections 3538, 3567, and 3568 deal with the right of a surety to subrogation. Section

6038 deals with the right of a creditor other than the vendor or the holder or assignee of purchase-money or secured debt, having a judgment against a defendant in fi. fa., to the right of subrogation; and section 6976 deals with the rights of a purchaser at a void or irregular judicial sale under foreclosure of a mortgage, and provides that such purchaser succeeds to all of the interest of the mortgagee. These are the only sections of our code having reference to that subject. Obviously the plaintiffs in error can derive no benefit from any of these sections, since they fall under no classification mentioned. The judgment rendered by the court was without error, because, "To entitle one creditor to be subrogated to the rights of another, as a general rule the former must have satisfied in full the demand of the latter, so as to relieve him from trouble, expense, and risk." *Wilkins* v. *Gibson,* supra; 25 R. C. L. 1318, § 6, and annotations.

Jones & Oglesby were not entitled to the right of subrogation, for the additional reason that legal subrogation is generally by courts of equity applied for the benefit of creditors, as applied in the *Wilkins* case, cited above; but Jones & Oglesby were not creditors of Brooke, who was the debtor of the Lowry National Bank, plaintiffs in fi. fa. They can claim no benefit on the principle of subrogation as creditors holding a lien inferior to the lien partially discharged. They were purchasers of land under a contract with Bell, the latter holding only a bond for title. Jones & Oglesby paid their notes because they were obligated to do so as makers. Their payments were not made primarily to discharge a superior lien in order to protect their own interest. Summing the matter up, Jones & Oglesby, in order to claim subrogation, must have themselves, or in conjunction with others, paid the debt in full due by Brooke to the Lowry National Bank. This was not done. A portion of the debt still exists, and the rights of the bank have been assigned and transferred to Tully J. Brooke. This is true even if Jones & Oglesby could be considered on the basis of creditors, which they are not. The principle ruled in the *Wilkins* case was that "subrogation will arise only in those cases where the party claiming advanced the money to pay a debt which in the event of default by the debtor he would be bound to pay, or where he had some interest to protect, or where he advanced the money under an agreement express or implied, made either with the debtor or

creditor, that he would be subrogated to the rights and remedies of the creditor." The evidence did not require the judge to find that there was an agreement, express or implied, for subrogation; although it was said in the *Wilkins* case, "it must not be understood that an agreement for subrogation will never be implied." Jones & Oglesby did not advance money to pay the debt which, in the event of default by the debtor, they would be bound to pay. Hence, under the general rule just quoted, there remains, so far as we can see, only one other question, whether they were entitled to subrogation because "they had some interest to protect." Manifestly they had an interest to protect under their contract of purchase, and this interest could have been protected had they elected to pay the whole debt due by Brooke to the Lowry National Bank and thereby to have secured an assignment of the bank's interest and liens. This they did not do. They merely paid their own notes made payable to Bell, which were binding upon them, under the terms of their contract of purchase, and these payments when applied thereon were insufficient to discharge the whole debt due by Brooke to the bank. When the claim of the bank was transferred to Tully J. Brooke he was entitled, under his assignment, to all of the rights of the bank, and the court had no authority in law to award to another any part of the rights acquired by Tully J. Brooke under the assignment of the bank. A pro tanto assignment or subrogation as between a senior and a junior lien creditor will not be allowed. Speaking of sureties and creditors, it is well said: "The reason for this rule is that if the surety upon making a partial payment became entitled to subrogation pro tanto, and thereby became entitled to the position of an assignee of the property to the extent of such payment, it would operate to place such surety upon a footing of equality with the holders of the unpaid part of the debt, and, in case the property was insufficient to pay the remainder of the debt for which the guarantor was bound, the loss would logically fall proportionately upon the creditor and upon the surety. Such a result would be grossly inequitable." 25 R. C. L. 1318, § 6. The same reason would apply to senior and junior lien creditors. For the reasons stated above, we hold that there was no error in ruling that Jones & Oglesby were not entitled to be subrogated to the rights of the Lowry National Bank.

2.　Other headnotes do not require elaboration.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hines, J., dissenting.*

### ON REHEARING.

The motion for a rehearing points out that in the opinion a quotation from the case of *Wilkins* v. *Gibson,* 113 *Ga.* 31 (supra), was incorrect.　The inaccuracy arose from an inadvertent quotation of a portion of a sentence only, which gave directly the opposite rule from that stated in the sentence as a whole.　The mistake is regrettable.　In the opinion the sentence as a whole has been substituted for the portion as it originally appeared.　Other grounds of the motion for a rehearing constitute merely a reargument of the case, particularly stressing some of the assignments of error.　After a second consideration of the record we are unable to find any error.　Accordingly the judgment is adhered to.