HARRISON *v.* CITIZENS AND SOUTHERN NATIONAL BANK, guardian.

No. 12074. FEBRUARY 21, 1938.

*Fleming & Fleming,* for plaintiff.

*Lee, Congdon & Fulcher,* for defendant.

HAWKINS, Judge. On March 5, 1937, Roberta Moseley Harrison filed her petition against the Citizens and Southern National Bank as the duly appointed guardian of the property of Blair Harrison, the petition as amended alleging substantially that the plaintiff and Blair Harrison were married on February 6, 1923, and were divorced on October 13, 1930; that at the time of the appointment of the defendant as guardian, September 4, 1929, the estate of Blair Harrison was valued at $1500; that according to the return of the guardian, approved on September 21, 1936, the assets of the estate aggregated $6,211.46, certain of the properties belonging to the estate having been purchased with funds derived from an insurance policy issued to Blair Harrison by the Government, and for which he paid a fixed premium; that in 1925 Blair Harrison borrowed from the National Bank of Gulfport, Mississippi, three thousand dollars, and gave his personal note therefor; that to secure the note the plaintiff deposited as collat-

eral security described stocks and bonds belonging to her individually; that Blair Harrison, being unable to pay the principal or interest of the loan, the plaintiff paid the interest thereon from time to time, and reduced the principal, and after the maker of the note was confined to the Veterans' Hospital at Augusta the plaintiff gave her personal note for the debt, and after renewing it from time to time, on July 21, 1930, paid out of her own funds the balance due, and received back her collateral, to prevent it from being sacrificed at public sale; that in equity and good conscience the plaintiff is entitled to reimbursement out of the assets of the said estate for all sums paid out by her in taking over the debt of Blair Harrison, and relieving his estate of that burden. She prayed for judgment against the defendant for $3000 principal, and for interest paid by her up to July 21, 1930, and interest from that date on the principal and interest so paid at the rate of 7 per cent. per annum, said sums to be made out of the estate in the hands of the defendant; and for such other relief as equity may afford.

To this petition the defendant demurred generally on the grounds: (1) that there is no equity in the bill; (2) that the petition fails to set forth a cause of action against this defendant in law or in equity; (3) that it affirmatively appears from the petition that the defendant's ward is an insane world-war veteran; that his estate consists solely of compensation and insurance benefits not subject to legal and equitable process, and exempt from claims of creditors under the provisions of a designated act of Congress; (4) that it affirmatively appears from the petition that the claim for reimbursement is more than four years old, and is barred by the statute of limitations. The plaintiff by amendment alleged that Blair Harrison is afflicted with softening of the brain which makes him an incompetent, and his confinement at the Veterans' Hospital legal, and that there is no prospect of his ever getting better, but he does have periods when he is in a normal condition, and understands perfectly what he is saying and doing; and that one such period occurred on May 25, 1937, when he expressed himself to William H. Fleming, in the presence of a named physician, as being willing to have the plaintiff's claim paid out of the assets in the hands of his guardian. Attached to this

amendment is the copy of an affidavit of William H. Fleming, detailing the conversation.

The plaintiff further amended by alleging, that she did not indorse the $3000 note given by Blair Harrison to the bank in 1925, nor did she have any written or parol agreement of any nature whatever to assume the character of a surety on the note; that her only reliance was that when her husband should pay the note, her collateral would be returned to her; that under the law of the State of Mississippi, where the original loan was made and was to be performed, any action seeking to enforce payment thereof would not be barred for six years; that absence from the State suspended the operation of the statute during such absence; that Blair Harrison left Mississippi before September 4, 1929, and had not returned; and pleaded the specific provisions of the statute of limitations of Mississippi.

To the petition as thus amended the defendant renewed its former demurrers, and demurred further upon the following grounds: (3) It does not clearly appear from the petition whether the plaintiff is suing on an implied contract for reimbursement, or as a surety or other person claiming the right of subrogation. (4) If the petition is construed as an action of assumpsit, or a suit on implied contract, it shows on its face that it is barred by the statute of limitations. (5) If it be construed as a suit on a written obligation of the defendant's ward, by one claiming the right of subrogation, the plaintiff fails to attach a copy of the note, and does not disclose the terms of the obligation upon which the liability of the defendant's ward is alleged. (6) The petition as amended fails to disclose any facts in reference to the alleged note of Blair Harrison, either as to its date, rate of interest, date of maturity, or as to the dates and amounts of the several payments alleged to have been made thereon. (7) The allegations with reference to the statute of limitations of the State of Mississippi are irrelevant and immaterial.

Other allegations of the petition with respect to the sources from which the funds in the hands of the defendant were derived, and other grounds of demurrer, are not stated here, for the reason that in the view we take of the case it is unnecessary to do so.

The court sustained the demurrers and dismissed the action, on

the ground that it was barred by the statute of limitations. The plaintiff excepted to that judgment.

■ The question first presented by the record is, which of the statutes of limitations should be applied; those of Mississippi, as pleaded by the plaintiff, or those of Georgia; and that question seems to have been definitely answered. In *Thomas* v. *Clarkson,* 125 *Ga.* 72 (54 S. E. 77, 6 L. R. A. (N. S.) 658), it was held: "Where a contract which was made and intended to be performed in another State is attempted to be enforced by suit thereon in the courts of this State, the statutes of limitations of Georgia will be applied, rather than those of the other State; and the latter, being irrelevant, will not be admitted in evidence." In *Obear* v. *First National Bank,* 97 *Ga.* 587 (25 S. E. 335, 33 L. R. A. 384), it was said: "Where a suit upon a written contract executed and to be performed in another State is brought in a court of this State, the question whether or not the plaintiff's right of action is barred, being one relating exclusively to the remedy, must be determined with reference to the limitation laws of Georgia." See also *Owsley* v. *Bowden,* 161 *Ga.* 884 (132 S. E. 70, 44 A. L. R. 795), where it was held: "As to remedies, the law of the forum prevails." It thus seems to be well settled that when one seeks to enforce contractual obligations in this State, even though the contract was made and was to be performed in another State, the statutes of limitations of this State are to be applied. The ruling here stated is not in conflict with the recent decision of the Supreme Court of the United States in John Hancock Mutual Life Ins. Co. *v.* Yates, 299 U. S. 178 (57 Sup. Ct. 129), cited by counsel for the plaintiff; for it was said: "No question of remedy is presented."

■ It is contended by counsel for the plaintiff, that her suit should be construed as one based on the right of subrogation, and that since subrogation arises by operation of law, Code § 3-704 is applicable, and that the plaintiff's cause of action would not be barred for twenty years. With this contention we can not agree. While it has been held that legal subrogation "arises by operation of law" (*Erwin* v. *Brooke,* 159 *Ga.* 683, 685, 126 S. E. 777), this term was not there used in the same sense that it is used in the Code section. The right of subrogation, if it exists at all, exists irrespective of any statute. *Hull* v. *Myers,* 90 *Ga.* 674, 682 (16 S. E. 653). It arises no more by operation of law than does the

right of action based on an implied assumpsit; for in the latter case the law implies the promise to pay, and Code, § 3-704, has no application to either. *Bigby* v. *Douglas,* 123 *Ga.* 635, 638 (51 S. E. 606) ; *Williams* v. *Clemons,* 178 *Ga.* 619 (173 S. E. 718) ; *Harris* v. *Smith,* 68 *Ga.* 461.

Should the plaintiff's alleged cause of action be construed as one based upon the doctrine of subrogation, or as one based upon an implied assumpsit, or an implied contract for reimbursement? In 60 C. J. 694, § 1, subrogation is defined as follows: "Subrogation is the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." See also *Erwin* v. *Brooke,* supra; *Cornelia Bank* v. *First National Bank,* 170 *Ga.* 747 (154 S. E. 234) ; *Federal Land Bank* v. *Barron,* 173 *Ga.* 242 (160 S. E. 228). In order to enforce the rights of the original creditor in favor of one who seeks to be subrogated to those rights, it would be necessary to know what those rights are, and this the plaintiff failed to disclose, although called upon to do so by special demurrer. Having thus failed and refused to disclose the terms of the note alleged to have been paid, either by setting out a copy thereof or alleging its terms, the petition can not be construed as based on subrogation, but must be construed to be based on an implied assumpsit, or an implied contract for reimbursement. *Wilkins* v. *Gibson,* 113 *Ga.* 31 (10) (38 S. E. 374, 84 Am. St. R. 204) ; *Train* v. *Emerson,* 141 *Ga.* 95 (80 S. E. 554, 49 L. R. A. (N. S.) 950). But whether the petition be construed as being based upon the one or the other of these theories, it is barred by the statutes of limitations. If it be held to be a petition based upon subrogation, the plaintiff would be entitled to only those rights to which the original creditor was entitled, and subject to the same limitations. The petition fails to allege that the note signed by Blair Harrison was under seal, and the plaintiff refused to set out a copy or the terms thereof, although called upon to do so by special demurrer, and although her alleged cause of action was demurred to on the ground that it was barred by the statute of limitations. Construing the petition most strongly against the plaintiff, as must be done on demurrer, it must be assumed that the note was a simple contract in writing, not under seal, in which event the cause of action would be barred in six years. Code, § 3-705. Construed as

a petition based on an implied assumpsit, or implied contract for reimbursement, the period of limitation would be four years. § 3-706. More than six years having elapsed between the time of the last payment alleged to have been made by the plaintiff and the filing of the present suit, her right of action is barred; and the court did not err in so holding. *Bigby* v. *Douglas, Hull* v. *Myers,* and *Train* v. *Emerson,* supra; *Reed* v. *Liberty National Bank & Trust Co.,* 44 *Ga. App.* 544 (2) (162 S. E. 154).

The foregoing rulings being controlling, it is not necessary to pass upon the other questions raised by the demurrer.

*Judgment affirmed. All the Justices concur.*