## GAFFE *v.* WILLIAMS.

No. 14280.   OCTOBER 13, 1942.

*Robert Solomon Horne,* for plaintiff.   *E. P. Johnston,* for defendant.

DUCKWORTH, Justice.   The validity, form, and effect of all written contracts are determined by the laws of the place where executed, except that when such writings are intended to have effect in this State, they must be executed in conformity to the laws of this State, excepting only wills of personalty of persons domiciled in another State or country.   Code, § 102-108.   The note referred to in the question was executed and expressly made payable in the State of North Carolina.   Therefore its validity, form, and effect must be determined by the laws of North Carolina; but this rule applies only to the interpretation of the contract touching its valid-

ity, and does not apply to the question of remedy thereon, including the Georgia statutes fixing the limitation of actions. In *John Hancock Mutual Life Insurance Co.* v. *Yates,* 182 *Ga.* 213 (185 S. E. 268), it was said: "As a general rule, the lex loci contractus applies only to the interpretation of contracts, and the remedy on them must be prosecuted according to the laws of the State in which the action is brought." In *Harrison* v. *Citizens & Southern National Bank,* 185 *Ga.* 556 (195 S. E. 750), it was said: "Where one seeks in the courts of this State to enforce contractual obligations based upon a contract executed and to be performed in another State, the question of whether or not the plaintiff's action is barred must be determined with reference to the limitation laws of Georgia, and not those of the other State." This rule was applied in *Obear* v. *First National Bank of Birmingham,* 97 *Ga.* 587 (25 S. E. 335, 33 L. R. A. 384), where it was held that, although in Alabama a promise arose by implication from the mere making by the debtor of a partial payment on a note which would constitute a new point from which the statute of limitations would begin to run, the rule provided in the Georgia statute that such a promise must be in writing would be applied. To the same effect, see *Thomas* v. *Clarkson,* 125 *Ga.* 72 (54 S. E. 77, 6 L. R. A. (N. S.) 658); *Ellington* v. *Harris,* 127 *Ga.* 85 (56 S. E. 134, 119 Am. St. R. 320); *Owsley* v. *Bowden,* 161 *Ga.* 884 (2) (132 S. E. 70). Thus it seems to have been definitely settled by the decisions of this court that while the validity and form of a contract executed and to be performed in another State must be determined by the laws of that State, yet when suit is brought thereon in a Georgia court the limitation statutes of Georgia must be applied. It is declared in the Code, § 3-703, that actions upon instruments under seal must be brought within twenty years after the right of action shall have accrued, but no instrument shall be considered under seal unless so recited in the body of the instrument. And (§ 3-705) that all actions upon promissory notes, bills of exchange, or other simple contracts in writing shall be brought within six years after the same shall have become due and payable. The note referred to in the question is under seal when tested by the laws of North Carolina; and right here is where the main difficulty in answering the question arises. If the laws of the foreign State shall determine the validity of the note, then without more, since this note is a

valid instrument, its payment may be enforced by suit in the courts of Georgia.

However, the statute of this State fixing the limitation upon actions on sealed instruments defines a sealed instrument in this language: "No instrument shall be considered under seal unless so recited in the body of the instrument." The note involved in this case, although an instrument under seal under the North Carolina law, contains no recital in its body to the effect that it is under seal as required by our statute. In 15 C. J. S. 951, § 22 (b), it is stated: "Where the remedy sought on a contract depends upon the question whether it is sealed or unsealed, the sufficiency of the seal is to be tested by the law of the forum." This rule is supported by the decision of the Circuit Court of Appeals in Alropa Corp. v. Rossee, 86 Fed. 2d, 118, where it was said: "The Georgia definition of a sealed instrument is a part of its limitation statute. The effect of it is as though it had been written 'Actions on bonds or other instruments which recite a seal in the body of the instrument shall be brought in twenty years.' Unless the instrument sued on contains such a recital, no matter what its effect in Florida or elsewhere may be, it is not entitled to the twenty-years limitation of the Georgia law in a court in Georgia." In Coral Gables v. Christopher, 108 Vt. 414 (189 Atl. 147, 109 A. L. R. 474), it was said: "So, too, in cases where the validity of a seal affects the obligation of the contract sued on, and this is the question to be passed upon, it is to be decided by the lex loci contractus (Restatement, Conflict of Laws, § 335) ; but where the remedy sought on such contract depends upon the question whether it is sealed or unsealed, the sufficiency of the seal is to be tested by the lex fori." For cases generally on this subject, see annotation following the report in A. L. R. The second rule is that the sufficiency of the seal, when the validity of the instrument is the question for decision, must be determined by the lex loci contractus; but where the question for decision is whether an action on such contract is barred, the sufficiency of the seal is to be determined by the lex fori. Applying this rule in the present case, the sufficiency of the seal on the question of the validity and effect of the note in question must be determined by the laws of North Carolina. The sufficiency of the seal, in determining whether the action in a Georgia court on that note will be barred in six or twenty years after its

maturity, must be tested and determined by the laws of Georgia. When so tested, the note is a simple contract not under seal, and suit thereon will be barred after six years from its maturity.

*All the Justices concur, except Hewlett, J., not participating.*