### FIMIAN *v.* GUY F. ATKINSON Co. *et al.*
### MUSGRAVE *v.* GUY F. ATKINSON Co. *et al.*

HAWKINS, Justice. These cases are before this court by writs of certiorari from the Court of Appeals. In each the Court of Appeals had two entirely independent matters before it, one being an amended motion for new trial, in which the trial court was reversed and a new trial ordered because of the admission and exclusion of certain evidence (no review being sought as to this matter, since it is not of gravity and importance); and the other being the defendants' exceptions pendente lite to the sustaining of the plaintiffs' demurrer to the defendants' plea of the Washington statute of frauds. The Court of Appeals, by a four-to-two decision, reversed the trial court as to the latter, holding that the statute of frauds of the State of Washington would apply in an action in the courts of the State of Georgia. Error is assigned upon this decision reversing the order of the trial court, which sustained the plaintiffs' demurrer to the defendants' plea of the Washington statute of frauds, (1) because the Court of Appeals erred in holding that a Georgia forum is controlled by any foreign statute of frauds; (2) because the Court of Appeals erred in holding that a Georgia forum is controlled by a foreign statute of frauds which is contrary to Georgia public policy; and (3) because the Court of Appeals erred in holding that a Georgia forum is controlled by a foreign statute of frauds as to a contract made in Georgia in an action brought by a citizen of Georgia. *Held:*

1. The original actions brought by Fimian and Musgrave were suits for damages against Guy F. Atkinson Company and J. A. Jones Construction Company, arising from an alleged breach of oral contracts of employment, to last three to five years, entered into in Georgia, to be performed in the State of Washington. They allege that, some six or seven months after they entered defendants' employ as Mechanical Craft Superintendent and Assistant Mechanical Craft Superintendent, respectively, they were discharged without cause. Code § 20-401 (5) provides that "Any agreement (except contracts with overseers) that is not to be performed within one year from the making thereof" should be in "writing, signed by the party to be charged therewith, or some person by him lawfully authorized"; but Code § 20-402 clearly states that "The foregoing section does not extend to" a case "where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance," and this is the theory upon which the suits were instituted.

2. "Obligations in respect to the mode of their solemnization are subject

to the rule locus regit actum; in respect to their interpretation, to the lex loci contractus; in respect to the mode of their performance, to the law of the place of their performance. But the lex fori determines when and how such laws, when foreign, are to be adopted, and in all cases not specified, supplies the applicatory law." *Pink* v. *A.A.A. Highway Express,* 191 *Ga.* 502, 514 (13 S. E. 2d, 337, 137 A. L. R. 934; certiorari granted 61 Sup. Ct. 1096, 313 U. S. 555, 85 L. ed. 1517; affirmed 62 Sup. Ct. 241, 314 U. S. 201, 86 L. ed. 152, 137 A. L. R. 957; rehearing denied 62 Sup. Ct. 477, 314 U. S. 716, 86 L. ed. 570); Restatement of the Law, Conflict of Laws, § 334; 105 A. L. R. 672. Where, as in this case, a suit upon a contract executed in Georgia and to be performed in another State is brought in a court of this State, the question of whether or not the plaintiff's right of action is barred by the statute of limitations or the statute of frauds, both relating exclusively to the remedy, must be determined with reference to the laws of Georgia. *Obear* v. *First National Bank of Birmingham,* 97 *Ga.* 587 (25 S. E. 335, 33 L. R. A. 384); *Thomas* v. *Clarkson,* 125 *Ga.* 72 (54 S. E. 77); *Harrison* v. *Citizens & Southern Nat. Bank,* 185 *Ga.* 556 (195 S. E. 750); *Gaffe* v. *Williams,* 194 *Ga.* 673 (22 S. E. 2d, 512). The Court of Appeals erred, therefore, in holding that a Georgia forum is controlled by any foreign statute of frauds, relating exclusively to the remedy, and particularly so where such foreign statute is in conflict with the statute of this State. The statute of frauds of the State of Washington pleaded by the defendants is in conflict with the statute of frauds in this State, in that there is no exception to the requirements of the statute of that State that contracts such as those here involved be in writing, while our statute contains the exception, "Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance."

This ruling is not in conflict with *Vanzant, Jones & Co.* v. *Arnold, Hamilton & Johnson,* 31 *Ga.* 210 (3), *Dunn* v. *Welsch,* 62 *Ga.* 241 (2), and *Hager* v. *National German-American Bank,* 105 *Ga.* 116, 119 (31 S. E. 141), cited by the Court of Appeals as authority for the majority ruling in these cases, for the reason that the statute of frauds was not involved in any of those cases. What they hold is that the law of the place of performance will govern in respect to the *rights* of the parties as to the *mode of performance.* The cases before us involve the question of what *remedies* the parties have, and are controlled by the decisions of this court in *Obear* v. *First National Bank of Birmingham,* 97 *Ga.* 587, supra, and *Pink* v. *A.A.A. Highway Express,* 191 *Ga.* 502, supra.

*Judgment reversed. All the Justices concur.*

Nos. 17791, 17792. Argued March 11, 1952—Decided April 16, 1952— Rehearing denied May 14, 1952.

*Sutherland, Tuttle & Brennan* and *C. Baxter Jones Jr.,* for plaintiffs.

*J. Ellis Mundy, U. S. Attorney, F. Douglas King* and *H. A. Stephens Jr., Assistant U. S. Attorneys,* for defendants.